UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| WILLIAM LEON LANE, | Case No. 14-CV-2880 (PJS/FLN) |
| Petitioner, | |
| v. | ORDER |
| KENT GRANDLIENARD, Warden, | |
| Respondent. | |

---

William Leon Lane, pro se.

Jean E. Burdorf, HENNEPIN COUNTY ATTORNEY'S OFFICE; James B. Early and Matthew Frank, MINNESOTA ATTORNEY GENERAL'S OFFICE, for respondent Kent Grandlienard.

Petitioner William Leon Lane was convicted in state court of aiding and abetting second-degree intentional murder. He now seeks a writ of habeas corpus under 28 U.S.C. § 2254. Lane's petition argues that his conviction should be vacated for two reasons: First, Lane alleges that the government violated his due-process rights by releasing (and thus allowing the destruction of) the Jeep in which the victim died before Lane had the opportunity to examine the vehicle. Second, Lane argues that the trial court committed constitutional error when it closed the courtroom to some members of the public during final jury instructions and closing argument.

On January 7, 2016, Magistrate Judge Franklin L. Noel issued a Report and Recommendation ("R&R") that recommends denying Lane's petition. ECF No. 13.

Lane objects to the R&R. ECF No. 14. In his objection, Lane says almost nothing about his release-of-evidence claim and literally nothing about his closed-courtroom claim.[1] Instead, Lane devotes most of his objection to arguing that the trial court violated his rights under the Confrontation Clause by admitting evidence prepared by Sergeant Timmerman,[2] a police officer who died before Lane's trial.

Lane's habeas petition does not expressly identify a Confrontation Clause claim as one of its two grounds for relief. Understandably, then, the R&R does not address such a claim. But Lane is proceeding pro se, and the memorandum that he submitted in support of his habeas petition does briefly mention the Confrontation Clause. Thus, the Court gave Lane the benefit of the doubt, construed his habeas petition to raise a Confrontation Clause claim, and ordered the government to respond to that claim. ECF No. 15. The Court also gave Lane a chance to reply to the government's brief, ECF No. 15, but Lane did not take advantage of that opportunity.

The government argues that the Court may not consider Lane's Confrontation Clause claim because that claim is procedurally defaulted. The Court agrees.

"'Ordinarily, a federal court reviewing a state conviction in a 28 U.S.C. § 2254 proceeding may consider only those claims which the petitioner has presented to the

---

[1]After de novo review, *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), the Court agrees with the R&R's analysis and adopts the R&R as to these claims.

[2]The record before the Court does not include Sergeant Timmerman's first name.

state court in accordance with state procedural rules.'"  *Arnold v. Dormire*, 675 F.3d 1082, 1086-87 (8th Cir. 2012) (quoting *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009)). To exhaust his Confrontation Clause claim, Lane must have fairly presented it as a federal claim "in each appropriate state court (including a state supreme court with powers of discretionary review)."  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  Lane bears "the burden to show that all available state remedies ha[ve] been exhausted or that exceptional circumstances exist[]."  *Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998).

Lane has not shown that he presented his Confrontation Clause claim to either the Minnesota Court of Appeals or the Minnesota Supreme Court.  Lane made four arguments in appealing his conviction:

> that (1) the state violated his right to due process by destroying potentially useful evidence, (2) the prosecutor committed misconduct during closing argument, (3) the district court erred by closing the courtroom for the final jury instructions and closing arguments, and (4) he is entitled to a restitution hearing.

*State v. Lane*, No. A12-0833, 2013 WL 2459894, at *1 (Minn. Ct. App. June 10, 2013). None of these is a claim that Lane's right to confrontation was violated when the government was allowed to introduce evidence that had been prepared by Sergeant Timmerman.

If a prisoner has failed to present a federal claim to "each appropriate state court"—and the prisoner still has an opportunity to do so—then the problem is a failure to exhaust state remedies, and the federal court will generally dismiss the claim without prejudice to allow the prisoner to pursue the claim in state court. *See Rhines v. Weber*, 544 U.S. 269, 273-77 (2005) (describing circumstances under which a court should dismiss a petition containing an unexhausted claim). But when it is no longer possible for the prisoner to present his federal claim to a state court, then the problem is procedural default, and the federal court will generally dismiss the claim with prejudice "unless [the prisoner] can demonstrate either cause and actual prejudice, or that a miscarriage of justice will occur if [the Court does] not review the merits of the petition." *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997).

This is a case of procedural default. Because Lane did not raise his Confrontation Clause claim on direct appeal from his conviction—and because Lane makes no argument that he was unaware of that claim at the time—Lane is now barred from raising his Confrontation Clause claim in state court. *See State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976) ("It must be emphasized, however, that where direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief.").[3] Lane has not

---

[3]Lane does not contend that any exception to *Knaffla* applies. *See Murphy v. King*,
(continued...)

attempted to "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Thus, Lane's claim must be dismissed as procedurally defaulted.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. The objection of petitioner William Leon Lane [ECF No. 14] is OVERRULED.

2. The Report and Recommendation of January 7, 2016 R&R [ECF No. 13] is ADOPTED.

3. The petition for a writ of habeas corpus [ECF No. 1] is DENIED. And

4. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 6, 2016         s/Patrick J. Schiltz
                            Patrick J. Schiltz
                            United States District Judge

---

[3](...continued)
652 F.3d 845, 850 (8th Cir. 2011) (noting primary exceptions to *Knaffla* rule are the presentation of a novel legal issue or that the interests of fairness require relief).